UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**FRANK MARIANO,**
**Plaintiff,**

v.   CIVIL ACTION NO. 1:25cv363 HSO-MTP

**ENVIVA, LLC;**
**ENVIVA MANAGEMENT COMPANY, LLC;**
**CHEVRON U.S.A. INC.;**
**GULF LNG ENERGY, LLC; and**
**JOHN DOE DEFENDANTS 1–10,**
**Defendants.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Frank Mariano files this Complaint against Defendants Enviva, LLC, Enviva Management Company, LLC, Chevron U.S.A. Inc., Gulf LNG Energy, LLC, and John Doe Defendants 1–10, and shows the Court as follows:

### I. NATURE OF THE ACTION

1. This is a civil action for damages arising under the general maritime law and federal laws regulating navigation and obstructions in navigable waters.

2. Plaintiff seeks recovery for personal injuries and property damage caused by Defendants' negligence in creating, placing, maintaining, failing to mark, and/or failing to warn of a hazardous stone/rock structure in Bayou Casotte Harbor near Pascagoula, Mississippi.

3. Although maritime law supplies the substantive rule of decision, Plaintiff brings these in personam maritime claims "at law" pursuant to the saving-to-suitors clause, 28 U.S.C. § 1333(1), and diversity jurisdiction. Plaintiff does NOT elect admiralty procedures under Rule 9(h) and therefore preserves his right to a jury trial on all issues so triable.

1

## II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Plaintiff is a citizen of Florida. He was a citizen of Mississippi at the time of the incident but has since moved to Florida with intent to remain and is domiciled there.

6. Defendant Chevron U.S.A. Inc. is a Pennsylvania corporation with its principal place of business in California and is therefore a citizen of Pennsylvania and California.

7. Defendant Enviva, LLC is a Delaware limited liability company qualified to do business in Mississippi. Upon information and belief, none of Enviva, LLC's members is a citizen of Florida, and Enviva, LLC is therefore not a Florida citizen.

8. Defendant Enviva Management Company, LLC is a Delaware limited liability company qualified to do business in Mississippi. Upon information and belief, none of its members is a citizen of Florida, and it is therefore not a Florida citizen.

9. Defendant Gulf LNG Energy, LLC is a Delaware limited liability company qualified to do business in Mississippi. Upon information and belief, none of its members is a citizen of Florida, and it is therefore not a Florida citizen.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this District, and Defendants own, operate, or conduct business and maintain waterfront facilities here.

## III. PARTIES

11. Plaintiff Frank Mariano is an adult citizen and resident of Florida.

2

12. Defendant **Enviva, LLC** is a Delaware limited liability company qualified to do business in Mississippi and owns and/or operates a marine terminal and related waterfront facilities along Bayou Casotte Harbor in Pascagoula, Mississippi. Its principal office is 7500 Old Georgetown Road, Suite 1400, Bethesda, Maryland 20814. Enviva, LLC may be served through its Mississippi registered agent:

**C T CORPORATION SYSTEM**

8927 Lorraine Rd., Suite 204-A

Gulfport, Mississippi 39503.

13. Defendant **Enviva Management Company, LLC** is a Delaware limited liability company qualified to do business in Mississippi and, upon information and belief, manages and/or provides operational services for Enviva's Bayou Casotte terminal and waterfront facilities. Its principal office is 7500 Old Georgetown Road, Suite 1400, Bethesda, Maryland 20814. Enviva Management Company, LLC may be served through its Mississippi registered agent:

**C T CORPORATION SYSTEM**

8927 Lorraine Rd., Suite 204-A

Gulfport, Mississippi 39503.

14. Defendant **Chevron U.S.A. Inc.** is a Pennsylvania corporation qualified to do business in Mississippi and owns and/or operates the Pascagoula Refinery marine terminal and related waterfront facilities along Bayou Casotte Harbor in Pascagoula, Mississippi. Its principal office is 5001 Executive Parkway, Suite 200, San Ramon, California 94583. Chevron U.S.A. Inc. may be served through its Mississippi registered agent:

**CORPORATION SERVICE COMPANY**

3

109 Executive Drive, Suite 3

Madison, Mississippi 39110.

15. Defendant **Gulf LNG Energy, LLC** is a Delaware limited liability company qualified to do business in Mississippi and owns, leases, and/or operates LNG terminal and marine waterfront facilities along Bayou Casotte Harbor in Pascagoula, Mississippi. Its principal office is 1001 Louisiana Street, Suite 1000, Houston, Texas 77002. Gulf LNG Energy, LLC may be served through its Mississippi registered agent:

**C T CORPORATION SYSTEM**

8927 Lorraine Rd., Suite 204-A

Gulfport, Mississippi 39503.

16. John Doe Defendants 1–10 are unknown persons or entities who, upon information and belief, designed, constructed, installed, placed, altered, maintained, inspected, or controlled the hazardous stone/rock structure described below and/or had responsibility for marking or warning of that hazard. Their true names and capacities are unknown to Plaintiff at present and will be substituted by amendment when discovered.

## IV. FACTUAL ALLEGATIONS

17. Bayou Casotte Harbor near Pascagoula, Mississippi is a navigable waterway used for commercial and recreational vessel traffic.

18. Defendants own, lease, operate, manage, and/or control marine terminals, berths, approaches, and industrial waterfront facilities along the Bayou Casotte Navigation Channel in Pascagoula, Mississippi, and invite vessel traffic into those waters for terminal use and related operations.

19. On March 22, 2023, at approximately 9:30 p.m., Plaintiff was operating his recreational vessel in Bayou Casotte Harbor near Pascagoula, Mississippi.

20. Plaintiff's vessel struck a submerged or partially submerged stone/rock wall or riprap-type structure ("the Stonewall Hazard") at or near coordinates **30°19.567'N, 88°31.360'W**.

21. The Stonewall Hazard was not adequately marked, illuminated, charted, buoyed, or otherwise made reasonably apparent to mariners navigating the area at night.

22. Upon information and belief, the Stonewall Hazard constituted an unauthorized obstruction to navigation within the meaning of 33 U.S.C. § 403, and/or a hazard to navigation subject to immediate marking and reporting duties under 33 U.S.C. § 409 and 33 C.F.R. § 64.11.

23. Upon information and belief, the Stonewall Hazard was created, placed, altered, or maintained as part of shoreline armoring, bulkhead protection, terminal construction, dredging, or related waterfront operations servicing one or more Defendants' facilities in that reach of Bayou Casotte Harbor.

24. Upon information and belief, Defendants owned, leased, controlled, and/or exercised operational responsibility over the adjacent waterfront, terminal berths, and their approaches where the Stonewall Hazard existed, and/or engaged contractors to perform work that resulted in the Stonewall Hazard.

25. As waterfront facility operators and wharfingers inviting vessels into berths and approaches, Defendants had a duty to exercise reasonable diligence to provide safe approaches and to ascertain whether the berth and approach waters were safe for invited vessels. This duty includes reasonable inspection, removal of hazards, or adequate marking and warning of latent underwater obstructions known to Defendants or discoverable through reasonable care.

26. Upon information and belief, Defendants knew or should have known the Stonewall Hazard posed an unreasonable risk to vessel operators using the harbor, including nighttime recreational traffic.

27. Defendants failed to take reasonable steps to remove the hazard, make it safe, properly mark it, or warn mariners of its presence, and failed to report and maintain markings as required by federal law.

28. As a direct result of striking the Stonewall Hazard, Plaintiff suffered serious physical injuries, including aggravation of a prior cervical fusion and a significant knee injury, and incurred medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, lost wages or loss of earning capacity, property damage to his vessel and equipment, and other damages.

## V. CLAIMS FOR RELIEF

**COUNT I – NEGLIGENCE (GENERAL MARITIME LAW)**

29. Plaintiff incorporates by reference all preceding paragraphs.

30. Defendants owed Plaintiff a duty under general maritime law to exercise reasonable care under the circumstances, including the duties (a) to maintain terminal berths and approaches in a reasonably safe condition, (b) to reasonably inspect approach waters for latent hazards, and (c) to remove, mark, or warn of hazards they created, maintained, or controlled.

31. Defendants breached those duties by acts and omissions including, but not limited to:

   a. Creating, placing, or permitting the Stonewall Hazard to exist in navigable waters;

   b. Failing to properly mark, buoy, illuminate, chart, barricade, or otherwise warn of the

hazard;

c. Failing to inspect and maintain berths and approaches so as to detect and remediate hazards;

d. Failing to comply with applicable maritime standards, permits, and federal safety obligations governing waterfront construction and navigational safety;

e. Failing to supervise contractors or ensure contractor compliance with hazard-marking requirements;

f. Otherwise failing to act with reasonable care to protect mariners from foreseeable harm.

32. Defendants' negligence was a direct and proximate cause of the allision and Plaintiff's injuries and damages.

## COUNT II – NEGLIGENCE PER SE (MARITIME) / STATUTORY VIOLATIONS

33. Plaintiff incorporates by reference all preceding paragraphs.

34. Upon information and belief, Defendants and/or their contractors created, placed, or permitted an unauthorized obstruction to remain in navigable waters in violation of 33 U.S.C. § 403, and further failed to immediately mark, maintain markings for, and report the Stonewall Hazard as required by 33 U.S.C. § 409 and 33 C.F.R. § 64.11.

35. These statutory and regulatory duties were intended to protect mariners like Plaintiff from the precise type of injury suffered here.

36. Defendants' violations constitute negligence per se under general maritime law and trigger a presumption of negligence, shifting to Defendants the burden to prove their violations could not have caused the harm.

37. The statutory and regulatory violations were a direct and proximate cause of Plaintiff's damages.

## COUNT III – UNLAWFUL OBSTRUCTION / MARITIME NUISANCE

38. Plaintiff incorporates by reference all preceding paragraphs.

39. The Stonewall Hazard constituted an unlawful obstruction to navigable capacity and a dangerous condition in navigable waters that interfered with safe navigation in Bayou Casotte Harbor.

40. Defendants created, maintained, controlled, or permitted the obstruction to remain without adequate warning or remediation.

41. The obstruction and Defendants' failure to remove, mark, or warn of it proximately caused Plaintiff's allision and resulting damages.

## COUNT IV – NEGLIGENT UNDERTAKING (ASSUMED DUTY)

42. Plaintiff incorporates by reference all preceding paragraphs.

43. Upon information and belief, Defendants undertook shoreline armoring, bulkhead protection, dredging, terminal construction, hazard-mitigation, and/or navigational-safety related activities in the area of the collision.

44. Defendants had a duty to exercise reasonable care in performing those undertakings and not to increase risks to mariners.

45. Defendants breached that duty by negligently performing the undertaken work, thereby creating or worsening the Stonewall Hazard and failing to make the area reasonably safe through removal, marking, or warning.

46. Such negligence proximately caused Plaintiff's allision and injuries.

## COUNT V – VICARIOUS LIABILITY / NEGLIGENT SUPERVISION OF CONTRACTORS

47. Plaintiff incorporates by reference all preceding paragraphs.

48. Upon information and belief, one or more John Doe Defendants installed, altered, or maintained the Stonewall Hazard while acting as agents, employees, or contractors for Enviva and/or Chevron and/or Gulf LNG and within the course and scope of work performed for those Defendants.

49. Enviva, Chevron, and Gulf LNG are vicariously liable for the negligent acts and omissions of their agents and contractors that created or maintained the Stonewall Hazard.

50. Additionally, Enviva, Chevron, and Gulf LNG were negligent in selecting, supervising, directing, and/or retaining contractors responsible for waterfront or marine construction activities in the area and in failing to ensure contractor compliance with maritime safety and hazard-marking obligations.

51. The negligence of Defendants and their agents or contractors proximately caused Plaintiff's damages.

## COUNT VI – PUNITIVE DAMAGES (CONDITIONAL DEMAND)

52. Plaintiff incorporates by reference all preceding paragraphs.

53. Upon information and belief, Defendants knew of the Stonewall Hazard or the high likelihood of such a hazard resulting from their waterfront or terminal operations, yet consciously failed to correct it or provide adequate warnings, exhibiting reckless disregard for the safety of mariners.

54. If proven, such conduct warrants an award of punitive damages under general maritime law.

## VI. DEMAND FOR JURY TRIAL

55. Plaintiff demands trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

56. WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment in favor of Plaintiff and against Defendants, jointly and severally;

b. Award Plaintiff compensatory damages in an amount to be proven at trial, including past and future medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, lost wages or loss of earning capacity, and all vessel/property damages, including repair or replacement of the boat, engine, electronics, navigation equipment, and any other gear or personal property damaged in the allision;

c. Award punitive damages as allowed by general maritime law;

d. Award pre-judgment and post-judgment interest as allowed by law;

e. Award costs as allowed by law; and

f. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Marshall Goff*
MARSHALL GOFF (MSB No. 105593)
Barlow & Goff, PLLC
P.O. Box 5929
Brandon, MS 39047
Telephone: 769-428-8730
Email: mgoff@bglawgroup.net

ATTORNEY FOR PLAINTIFF